UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:17-cr-380-VMC-AAS

EDGAR IGNACIO RAMOS ARDILA

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Edgar Ignacio Ramos Ardila's pro se Motion for Compassionate Release (Doc. # 140), filed on April 27, 2023. The United States of America responded on May 23, 2023. (Doc. # 142). For the reasons set forth below, the Motion is denied.

**I.  Background**

On October 18, 2017, Mr. Ardila pled guilty to attempt and conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). (Doc. ## 52, 55, 56). Mr. Ardila was sentenced to a 121-month term of imprisonment followed by five years of supervised release. (Doc. ## 94, 99). Mr. Ardila is 57 years old, and his projected release date is February 13, 2026. (Doc. # 142 at 2).

1

In the Motion, Mr. Ardila seeks compassionate release under Section 3582(c)(1)(A), as amended by the First Step Act, because of his medical conditions, age, the alleged conditions in his prison, his rehabilitation efforts, and his deportation status. (Doc. # 140). The United States has responded (Doc. # 142), and the Motion is now ripe for review.

**II. Discussion**

The United States argues that the Motion should be denied because Mr. Ardila has not presented any extraordinary and compelling circumstances and, regardless, Mr. Ardila is a danger to the community and the Section 3553(a) factors weigh against release. The Court agrees.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Mr. Ardila argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it

> finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Mr. Ardila sought a sentence reduction on February 7, 2023, and more than 30 days have passed without response from the Bureau of Prisons. (Doc. # 142). Therefore, this Court may consider the merits of Mr. Ardila's Motion because he has exhausted his administrative remedies.

The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling circumstances" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; (3) the defendant is at least 65 years old and is experiencing serious deterioration in health due to aging

after serving at least 10 years or 75 percent of his term of imprisonment; (4) the death or incapacitation of the caregiver of the defendant's minor children; or (5) the incapacitation of the defendant's spouse when the defendant would be the only available caregiver for the spouse. USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Mr. Ardila bears the burden of establishing that compassionate release is warranted. See United States v. Johnson, No. 21-12629, 2022 WL 17246763, at *5 (11th Cir. Nov. 28, 2022) ("As the movant, Defendant had the burden of establishing his entitlement to early release under § 3582(c).").

In his Motion, Mr. Ardila seeks a reduction of his sentence based on (1) his medical conditions; (2) his age; (3) the allegedly harsh conditions of incarceration and his rehabilitation; and (4) his deportation status. (Doc. # 140).

Section 1B1.13 permits a reduction in sentence based on age only when the defendant is at least 65 years old, experiencing serious physical or mental deterioration in

health, and has served at least 10 years or 75 percent of his or her imprisonment. USSG § 1B1.13, comment. (n.1(A)-(D)). Mr. Ardila is 57 years old and has served 67.8 percent of his sentence. Additionally, the Court is limited to only considering circumstances that fall within the Sentencing Commission's exhaustive list of "extraordinary and compelling circumstances." As alleged harsh prison conditions, Mr. Ardila's rehabilitation efforts, and his deportation status do not qualify as "extraordinary and compelling" circumstances, they cannot serve as bases for relief.

Section 1B1.13 permits a reduction of a defendant's sentence based on the defendant's medical condition only when the defendant is suffering from a terminal illness (with an end-of-life trajectory) or a serious condition that substantially diminishes the ability of the defendant to provide self-care in his facility. USSG § 1B1.13, comment. (n.1(A)-(D)). Although Mr. Ardila has an unspecified thyroid issue, high blood pressure, and high cholesterol, he has not shown that any of these conditions are terminal or substantially diminish his ability to provide self-care in his facility, nor has he shown that his medical conditions place him at high risk of contracting COVID-19 (for which he is also fully vaccinated) (Doc. # 140 at 11). Conditions that

5

are manageable in prison despite the existence of COVID-19 are not extraordinary and compelling reasons for compassionate release. United States v. Giles, No. 8:19-CR-373-CEH-CPT, 2022 WL 17067595 (M.D. Fla. Nov. 17, 2022) ("The Eleventh Circuit has held that the COVID-19 pandemic does not permit the district court to deviate from the policy statement's requirements even where an incarcerated individual's medical conditions put him at particular risk of serious consequences from contracting COVID-19.").

Even if Mr. Ardila had established an extraordinary and compelling reason for compassionate release, the Motion would still be denied. Before granting compassionate release, the Court must determine that the defendant is not a danger to any other person or the community, USSG 1B1.13(2), and that the 18 U.S.C. § 3553(a) factors support compassionate release. Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of the crime.

Mr. Ardila was the "Master" of the vessel where the Coast Guard recovered 38 bales containing 1,200 kilograms of cocaine in international waters. (Doc. # 142 at 2). Mr. Ardila was sentenced to just over 10 years, the mandatory minimum for this offense. (Id. at 1). Mr. Ardila still has a

6

significant portion of his sentence remaining and has failed to demonstrate extraordinary and compelling reasons which would justify compassionate release. Prematurely releasing Mr. Ardila would not reflect the seriousness of his crime, nor afford adequate deterrence of this criminal conduct.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Edgar Ignacio Ramos Ardila's pro se Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. # 140) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of June, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE